BLANCHE, Judge.
Defendants-appellants, Claire Crowe De-laughter, et al., are appealing from a trial court judgment recognizing plaintiff-appel-lee, Claude W. Schneider, as owner of a tract of land in St. Tammany Parish in this petitory action.
LSA-C.C.P. art. 3653 requires that to obtain a judgment recognizing the ownership of immovable property the plaintiff in a petitory action shall make out his title thereto, if the court finds that the defendant is in possession thereof, or prove a better title thereto than the defendant, if the court finds that the defendant is not in possession of the property.
The trial court, as stated in its written reasons, found that the plaintiff had made out his title “good against the world” and that the defendants made no attempt to prove any indicia of title. As a consequence of this finding, the trial court recognized the plaintiff as the title owner of the property.
On appeal, defendants set forth a single specification of error:
“1. THE TRIAL COURT COMMITTED CLEAR AND MANIFEST ERROR in finding that defendants had not adversely possessed the property in excess of the prescriptive period.”
The trial judge, in his written reasons, devoted more than 90 percent of his writings to the discussion of the law and the facts involved in the attempt by defendants to defeat the petitory action by a plea of acquisitive prescription. We agree with his well reasoned finding that the defendants did not prove that they had continuous, uninterrupted, public and unequivocal possession of the property for thirty years as required by LSA-C.C. arts. 3500 and 3503.[1]
*586 The defendants, in attempting to show that they had adversely possessed the subject property for the required thirty years, claimed that they, their father or some member of their family lived, at all times, in a small house referred to in the testimony as the “shack” where one of the defendants, Claire Crowe Delaughter, had parked her trailer — the action which precipitated this suit.
Additionally, the defendants asserted that from this structure they possessed the entire property by renting boats at a point on a bayou bordering the property, operating coal kilns on the property to manufacture coal, maintaining vegetable gardens in several places on the property, selling timber from the property in 1958, and running livestock over the property.
There is undisputed testimony that the “shack” was built and occupied by one of the alleged ancestors in title in the 1950’s and that the plaintiff, upon discovering this, had him move out. Moreover, the building was shabbily built, located in heavily wooded swampland and was used by various hunters and fishermen. No proof of its continuous occupancy by the defendants or their purported ancestors in title was shown after the shack was vacated on order of the record title owner of the property in the 1950’s.
The testimony was inconclusive as to where the boat rentals occurred, and we find no logical grounds to accept this as persuasive that it was tantamount to possession as contemplated by LSA-C.C. art. 3503.
The trial judge visited the property to inspect the area where the coal kiln operations allegedly occurred. Concerning this, he wrote:
“ * * * The evidence that such kilns existed consists of slight mounds approximately 5 yards across where digging produces an occasional piece of coal. The Court observed two of these mounds that were pointed out as kilns. They were located somewhere towards the center of the property with no roads leading to or from them. They were obviously extremely old since large pines are presently growing from them. Just as obviously, they could have been maintained with none but the operators knowing of their existence.” (Record, p. 83)
We are unimpressed with the contention that planting of gardens at various times in various places on the property is a requisite element of possession because it would not meet the requirement of continuous possession under LSA-C.C. art. 3500.
Regarding the sale of timber from the lands by the ancestor in title of the alleged adverse possessors, there is testimony concerning a sale in 1958 but no documentary evidence. In contrast, there is documentary evidence of timber sales, execution of mineral leases and payment of property taxes by the plaintiff. Additionally, there is testimony in the record that the plaintiff cut storm-damaged timber from his property-
We note the remarks of the trial judge concerning the assertion that the property was used by the defendants to run livestock:
“There is also insufficient evidence to show the property was used for any type of cattle operation * * * Actually it would be surprising if some cattle or hogs were not at some time on the property since it is unfenced except for a fence at the north side which was admittedly placed there by * * * the neighboring property owner.” (Record, p. 83)
A land surveyor employed by the plaintiff testified that the property subject to the petitory action was unfenced. The jurisprudence in this state has determined that a party claiming possession must evidence his possession by enclosures. Labarre *587 v. Rateau, 210 La. 34, 26 So.2d 279 (1946). This position is also enunciated by James D. Johnson, Jr., in his book on Louisiana Real Actions where he states:
“Finally, the prescription of thirty years cannot prevail beyond the area actually possessed or beyond an enclosure which shows the extent to which the possessor intends to possess.” (p. 184)
For the reasons given above, we can find no manifest error on the part of the trial judge in finding that the defendants had not adversely possessed the property for the prescriptive period. Accordingly, we affirm the judgment of the trial court, with costs cast to the defendants-appellants.
AFFIRMED.

. LSA-C.C. art. 3500 provides:
“The possession on which this prescription is founded must be continuous and uninterrupted during all the time; it must be public and unequivocal, and under the title of owner.”
LSA-C.C. art. 3503 provides:
“How favorable soever prescription may be, it shall be restricted within just limits. Thus, *586 in the prescription of thirty years, which is acquired without title, it extends only to that which has been actually possessed by the person pleading it.”